**SHU YING ZHU, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,\* Respondent.**

**No. 07–4993–ag.**

United States Court of Appeals, Second Circuit.

Nov. 5, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former

Danning Jiang, San Jose, CA, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Judith O'Sullivan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

***SUMMARY ORDER***

Petitioner Shu Ying Zhu, a native and citizen of the People's Republic of China, seeks review of an October 15, 2007 order of the BIA denying her motion to reopen. *In re Shu Ying Zhu,* No. A079 228 212 (B.I.A. Oct. 15, 2007). We assume the

Acting Attorney General Peter D. Keisler as respondent in this case.

parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008).

We find that the agency did not abuse its discretion in denying Zhu's untimely and number-barred motion to reopen because we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. B.I.A.*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). While Zhu argues that the BIA erred in rejecting an unauthenticated village committee letter as evidence of changed circumstances, we deem such argument waived because Zhu asserts that argument in the first instance in her reply brief. *See McCarthy v. S.E.C.*, 406 F.3d 179, 186 (2d Cir.2005) (holding that "arguments not raised in an appellant's opening brief, but only in his reply brief, are not properly before an appellate court even when the same arguments were raised in the trial court"); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Regardless, the BIA reasonably questioned the reliability of her evidence in light of the adverse credibility determination that was made in her underlying proceedings. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–48 (2d Cir.2007) (holding that the BIA did not abuse its discretion in denying a motion to reopen supported by allegedly unavailable evidence regarding changed country conditions where there had been a previous adverse credibility finding in the underlying asylum hearing).

Because the failure to establish changed country conditions provides a valid basis for denying a motion to reopen, we cannot find that the BIA abused its discretion in denying Zhu's motion to reopen. *See Wei Guang Wang*, 437 F.3d at 273; *Jian Hui Shao*, 546 F.3d at 169.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).